UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-CR-0116-TWP-MJD |
| | ) | |
| SEAN A. DONNELLY, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States
Attorney for the Southern District of Indiana, and Steven D. DeBrota, Senior
Litigation Counsel, and Bonnie Kane, Deputy Chief, Child Exploitation and
Obscenity Section, United States Department of Justice, ("the Government"),
and the Defendant, Sean A. Donnelly ("the Defendant"), in person and by
counsel, Gwendolyn M. Beitz, hereby inform the Court that a Plea Agreement
has been reached in this case pursuant to Federal Rule of Criminal Procedure
11(c)(1)(C).  The following are its terms and conditions:

### Guilty Plea and Charges

**1.**     **Plea of Guilty:**  The Defendant will waive indictment by the Grand
Jury and petition the Court for leave to enter, and then enter, a plea of guilty to
the following offenses charged in the Information:

**A.**     Count 3 charges that the Defendant coerced or enticed a minor to
engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

**B.**    Count 4 charges that the Defendant possessed material involving the sexual exploitation of minors (child pornography), in violation of 18 U.S.C. § 2252(a)(4)(B).

**2.    Count 3: 18 U.S.C. § 2422(b) (coercion or enticement)**

**A.**    **Potential Penalties**:  This offense may be punished by a mandatory minimum term of at least 10 years of imprisonment and a maximum term of up to the life of the Defendant, a fine of up to $250,000.00, and a term of supervised release following any term of imprisonment for at least 60 months and up to the life of the Defendant.

**B.**    **Elements of the Offense**:  To sustain this offense, the Government must prove the following propositions to a jury beyond a reasonable doubt:  (1) the Defendant used a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce Child Victim 1 to engage in sexual activity; and (2) Child Victim 1 was less than 16 years of age; and (3) the Defendant believed Child Victim 1 was less than 18 years of age; and (4) if the sexual activity had occurred, the Defendant would have committed the criminal offense of either (A) sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), or (B) sexual misconduct with a minor, in violation of IC 35-42-4-9(a)(1)).  The Indiana statute in (B) prohibits sexual intercourse or deviate sexual conduct by a

person who is at least 21 years of age with a child who is 14 or 15 years old.

3.    **Count 4: 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography)**

A.    **Potential Penalties:**  This offense may be punished by a maximum term of 10 years of imprisonment, a fine of up to $250,000.00, and a term of supervised release following any term of imprisonment for at least 60 months and up to the life of the Defendant.

B.    **Elements of the Offense:**  To sustain this offense, the Government must prove the following propositions to jury beyond a reasonable doubt:  (1) the Defendant knowingly possessed one or more films, videotapes, or other matter that contained a visual depiction of a minor engaged in sexually explicit conduct; <u>and</u> (2) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, and the visual depiction was of such conduct; <u>and</u> (3) the Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct; <u>and</u> (4) the visual depiction had been produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

## General Provisions

**4.**     **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The Defendant

agrees and understands that should this Court accept this plea agreement, the

Court will sentence him to the specific sentence set forth in **Paragraph 9**,

below.  He agrees and understands that the Court, in deciding whether to

accept or reject the specific sentence set forth in **Paragraph 9**, below, will (A)

consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take

into account the United States Sentencing Guidelines ("Sentencing Guidelines"

or "U.S.S.G.").  He also agrees and understands that the Sentencing Guidelines

are not mandatory or binding on the Court, but are advisory in nature, and

that the final determination concerning the applicable advisory guideline

calculation, criminal history category, and advisory sentencing guideline range

will be made by the Court.

**5.**     **Rule 11(c)(1)(C), Fed.R.Crim.P.:**  The Defendant acknowledges

that this Plea Agreement is governed by Fed.R.Crim.P 11(c)(1)(C) and that the

specific sentence set forth in **Paragraph 9,** below, is the appropriate disposition

of this cause.  The parties understand that the Court must accept or reject the

sentence specified in this Plea Agreement.  If the Court rejects this Plea

Agreement, then either party may withdraw from this Plea Agreement.  The

Defendant acknowledges that pursuant to Fed.R.Crim.P. 11(c)(3), (4) and (5), if

the Court rejects the Plea Agreement, the Court will advise him personally in

open court that the Court is rejecting the Plea Agreement and the Court will

afford both parties the opportunity to then withdraw the Plea Agreement.

**6.** **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

**7.** **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense committed after the date of this Plea Agreement.

**8.** **Rights Under Rule 11(b), Fed.R.Crim.P.:** The Defendant understands that the United States has the right, in a prosecution for perjury or false statement, to use against him any statement that the Defendant gives under oath during the guilty plea colloquy. He also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and, (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. He also understands that the Constitution guarantees the right to be considered for

release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  He understands that if the Court accepts this plea of guilty, he waives all of these rights.

### Sentence to be Imposed

9. **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

- A. **Imprisonment:** The Court should sentence the Defendant to a term of imprisonment for a period of **235 months.**

- B. **Length of Supervised Release**:  The parties understand that a period of supervised release must be ordered for a period of **at least 60 months and of up to the life of the Defendant**.  Each party may present evidence and arguments for a specific period of supervised release in this range, to follow the term of imprisonment.

- C. **Dismissal of Counts 1 and 2**:  If the Court accepts this agreement, and sentences the Defendant according to its terms, then the United States will move to dismiss Counts 1 and 2 after sentencing.  If the Defendant violates the waiver of appeal provisions of this agreement, then the United States may move the Court to reinstate these Counts.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

**10.     Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

## Financial Conditions

**11.     Restitution:**  The Defendant agrees that pursuant to Title 18, United States Code, § 3663, the Defendant will be required to pay restitution to the victims of the offenses to which the Defendant is pleading guilty.  The Defendant agrees that the Court may also order restitution to any victim of any of the following: (a) any relevant conduct, as defined in the Sentencing Guidelines, Section 1B1.3, in connection with other offenses to which the Defendant is pleading guilty and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, defined in the Sentencing Guidelines, Section 1B1.3, in connection with those counts.

**12.     Restitition:**  Both parties reserve the right to present evidence and argument concerning the amount of the restitution.

**13.     Fine:**  Both parties reserve the right to present evidence and argument concerning the amount of the fine.

**14.     Payment Terms:**  The parties understand that the Court will determine the payment terms for any restitution or fine.

**15.     Mandatory Special Assessment**:  The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of **$200**, payable to Clerk, United States

District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to 18 U.S.C. § 3013.

**16.    Forfeiture:**  The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which he is pleading guilty, and, therefore, is subject to forfeiture to the United States.  He abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of his criminal activity, without further notice or obligation whatsoever owing to him.  He further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property by any federal, state, or local law enforcement agency.

**17.    Forfeited Property:**  The Defendant agrees to forfeit to the United States all of the personal property or other assets he used in connection with the offense(s).  These assets were taken from him by law enforcement authorities during the investigation and presently remain in their custody. This includes, but is not limited to, all of his cellular phones, digital devices, and storage media, which he knows are already in law enforcement custody. He acknowledges that he is fully aware of the precise nature and type of these items, as listed below:

      a.     Apple iPhone 6 Plus, Model A1522, IMEI No. 35493060907293

      b.     Apple iPhone 6 Plus, Model A1522, IMEI No. 354391060129330

**18.    Waiver and Consent to Forfeiture:** The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., which concern notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  He understands that the forfeiture of assets is part of the sentence in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

**19.    Waiver of Forfeiture Challenges:** The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

**20.    Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  He has a continuing obligation to pay the financial component of the sentence.  He further agrees that, as of the date of filing this Plea Agreement, he will provide all requested financial information, including privacy waivers,

consents, and releases requested by the United States to access records to verify his financial disclosures to the United States for use in the collection of any fines, restitution, and money judgments imposed by the Court. He authorizes the United States to obtain his credit reports for use in the collection of any fines and restitution, and money judgments imposed by the Court. He also authorizes the United States to inspect and copy all financial documents and information held by the United States Probation Office. When incarcerated in connection with this case, he will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### **Factual Basis for Guilty Plea**

**21.**    The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to a jury trial. The information provided above is only a summary of the Government's evidence and it reserves the right to present any additional evidence at the time of sentencing. This Plea Agreement is not intended to foreclose the presentation of such evidence.

**22.**    The Defendant was a 22-year-old resident of Ephrata, Pennsylvania who traveled to the city of Zionsville in the Southern District of Indiana on two separate occasions in July of 2015 to meet with a minor girl, "Child Victim 1".

**23.** The pseudonym "Child Victim 1" represents a 14-year-old minor girl, who lived in the Southern District of Indiana.

**24.** The Defendant and Child Victim 1 met in an online chat room in February of 2015.

**25.** The Defendant and Child Victim 1 communicated regularly through text messages, Internet-based communication applications, and telephone, over the course of several months until on or about July 9, 2015.

**26.** The Defendant regularly engaged in communications with Child Victim 1 using facilities of interstate or foreign commerce, including cellular phones, Kik and Skype. These communications included incoming and outgoing cellular phone calls, images, videos, various messaging services, and video-chats made through the Internet or cellular phone services.

**27.** The Defendant and Child Victim 1 eventually engaged in conversations that included sexual matters, and the Defendant asked Child Victim 1 to send him nude pictures of her.

**28.** On or about July 2, 2015, Child Victim 1 transmitted live images of herself masturbating to the Defendant via an Internet-based communication application.

**29.** The Defendant captured and saved screenshots of these live transmissions of visual depictions of Minor Victim 1 on his cellular phone, including the following two depictions of her engaging in sexually explicit conduct:

a.     **aac6c4c9-a3ea-45a2-8022-cb8f436ace14** - (created 07/02/2015 at 11:55:35pm) – This image is a screen shot taken during a video chat between Minor Victim 1 and the Defendant.  Minor Victim 1's face is cut off, but her chin and hair are visible.  She is lying on her bed and her bedspread is also visible.  Minor Victim 1 is wearing a black graphic t-shirt, and she is nude from the waist down.  Her legs are spread and she is digitally penetrating herself.  Minor Victim 1 is wearing two black bracelets and one green bracelet on her right wrist.  The Defendant's face appears in the bottom right corner of the image.  He is looking directly into the camera; and

b.     **fb2f7ae9-afe7-44c7-bf6a-cd1b8cd5eace** - (the image within the screen shot was created 07/02/2015 at 11:58:26pm) - The image is a screen shot from the Defendant's cell phone with a date/time stamp at the top of June 11, 2015 at 4:39pm.  Minor Victim 1 is depicted lying nude on her bed and her face is clearly visible.  She is wearing the same green and black bracelets from *ace14.jpg that was created less than two minutes prior.  Minor Victim 1's eyes are closed, but she is covering her nipples with one hand and her vaginal area with the other hand.  Minor Victim 1 appears to be posing in a sexually suggestive manner.

**30.**     Over the five-month-period that the Defendant communicated with Child Victim 1, he persuaded, induced, enticed, or coerced Child Victim 1 to send several explicit images of herself to him via Internet and cellular-based communication services.

**31.**     Child Victim 1 would send the Defendant an image and/or video that contained sexually explicit conduct that featured depictions of Child Victim 1 and the Defendant would make favorable comments about the content and request more.

**32.**     The Defendant also sent Child Victim 1 images of his penis through text messages and Internet-based communication applications.

**33.**     The Defendant ultimately planned to meet with Child Victim 1 in July of 2015 to engage in sexual intercourse with her.

**34.**     On July 2, 2015, the Defendant drove from Ephrata, Pennsylvania to Zionsville, Indiana to meet Child Victim 1, and they engaged in vaginal intercourse on July 3, 2015.

**35.**     On July 9, 2015, the Defendant drove from Berlin, Pennsylvania to Zionsville, Indiana to meet Child Victim 1, and they engaged in sexual intercourse later that night.  Zionsville Police discovered the Defendant and Child Victim 1 in his car shortly after they engaged in intercourse.

**36.**     Based upon this conduct, and the resulting visual images and communications, between in or about February, 2015 through on or about July 10, 2015, the Defendant did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade, induce, entice, and coerce, Child Victim 1, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, sexual acts with a person under the age of 16 years as defined in IC 35-42-4-9(a)(1) and

sexual exploitation of a child as defined in 18 U.S.C. § 2251(a).  All of which is a violation of 18 U.S.C. § 2422(b) and (e).

37.   **Possession of Child Pornography:**  In addition to Child Victim 1, the Defendant also communicated with other minors via text messages and Internet-based communication applications.  In April of 2015, the Defendant communicated with 14-year-old Child Victim 2 via an Internet-based application and asked her for pictures on several occasions, including pictures of Child Victim 2 engaged in sexually explicit conduct.  Child Victim 2 lived in California.

38.   Child Victim 2 told the Defendant that she was 14-years-old and sent him several images of her face during their online messaging.  Child Victim 2's appearance is consistent with that of a minor, teenage girl.

39.   On or about April 30, 2015, Child Victim 2 sent the Defendant one sexually explicit image of her nude genitals and one image of her bare breasts.

40.   The Defendant saved these images of Child Victim 2 on his cellular phone and brought them into Indiana when he came to meet Child Victim 1.

41.   The cellular phone that the Defendant used to communicate with Child Victim 2 was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

42.   The Defendant also communicated with 15-year-old Child Victim 3 via the same Internet-based application in April of 2015.  Child Victim 3 lived in Kentucky.

**43.**     Child Victim 3 made the Defendant aware of her age and sent him images of her face on more than one occasion during their conversations. Child Victim 3's appearance is consistent with that of a minor, teenage girl.

**44.**     On April 24, 2015, the Defendant sent Child Victim 3 the message, "Let me see that pussy again baby."  Child Victim 3 responded by sending the Defendant several sexually explicit images of herself, including two images of her legs spread and her nude genitals clearly visible.

**45.**     The Defendant saved these images of Child Victim 3 on his cellular phone and brought them into Indiana when he came to meet Child Victim 1.

**46.**     The cellular phone that the Defendant used to communicate with Child Victim 3 was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

**47.**     **Additional Relevant Conduct:**  The Defendant communicated with 13-year-old Child Victim 4 via the same Internet-based application he used to communicate with Child Victims 2 and 3. Don't know who three

**48.**     Child Victim 4 made the Defendant aware of her age and sent him images of her face on more than one occasion during their conversations. Child Victim 4's appearance is consistent with that of a minor, teenage girl.

**49.**     The Defendant also asked Child Victim 4 for sexually explicit pictures on several occasions.  Child Victim 4 complied and sent the Defendant numerous pictures of her nude genitals.

**50.**     In April of 2015, Child Victim 4 tried to stop communicating with the Defendant.  The Defendant responded by stating, "I would leave but if you

let it slip about anything we have done we are both in so much trouble.  I can't let that happen.  I regret ever being more than friends.  And in *(sic)* so sorry but we messed up.  I need to make sure it never leaves us."  Child Victim 4 stated later in that same conversation, "BUT YOU THREATEN ME.  I DON'T WANT TO TALK TO YOU CAUSE IM FUCKING SCARED OF YOU."  The Defendant replied, "I threaten when you don't talk.  Not when you do.  So keep talking to me and I'll never threaten you."

51.    The cellular phone that the Defendant used to communicate with Child Victim 4 was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

## Other Conditions

52.    **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

53.    **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

## Sentencing Guidelines

**54.    Guideline Computations:**  The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses.  The parties have discussed this computation, but have not agreed upon the advisory calculation.  They agree that the Court will make this determination.

**55.    Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a **2** level reduction *provided* the Defendant satisfies the criteria set forth in Sentencing Guideline Section 3E1.1(a) up to and including the time of sentencing.  The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. Section 3E1.1(b) requesting that the Court decrease the offense level by **1** additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

### Waiver of Right to Appeal

**56.    Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The Defendant further agrees that in the event the Court sentences the Defendant to **235 months of imprisonment**, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**57.    Collateral Attack:**  Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offenses and explicitly make such an amendment retroactive, the Government agrees that it

will not assert this waiver as a bar to the Defendant filing a motion with the
district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the Defendant
files such a motion, the Government reserves the right to oppose the motion on
any other grounds, and reserves the right to assert this waiver as a bar to an
appeal from the district court's decision regarding the motion.   As concerns
the Section 2255 waiver, the waiver does not encompass claims, either on
direct or collateral review, that the Defendant received ineffective assistance of
counsel.

**58.    No Appeal of Supervised Release Term and Conditions**:  The
parties' reservation of the rights to present evidence and arguments in this
Court concerning the length and conditions of supervised release is not
intended to be inconsistent with the Waiver of Appeal specified above, which
includes a waiver of the right to appeal to the length and conditions of the
period of supervised release.

### Potential Civil Commitment and Sex Offender Registry

**59.    Potential Civil Commitment:**  The Defendant has been advised,
and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil
commitment as a sexually dangerous person following the expiration of his
term of imprisonment.  He understands that any potential civil commitment
would be the subject of a separate civil proceeding.  He further understands
that no one, including his attorney or the Court, can predict with certainty the
effect of his conviction on such a civil commitment determination or the
likelihood that civil commitment would be imposed.  He understands that civil

commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

**60.    Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

### Presentence Investigation Report

**61.**    The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**62.**    The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Immigration Consequences

**63.**    The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will

not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Statement of the Defendant

**64.**    By signing this document, the Defendant acknowledges the following:

> **A.**    I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

> **B.**    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation

against me and as to any possible defenses I might have in this
case.

**C.**    I have read the entire Plea Agreement and discussed it with my
attorney.

**D.**    I understand all the terms of the Plea Agreement and those terms
correctly reflect the results of plea negotiations.

**E.**    Except for the provisions of the Plea Agreement, no officer or agent
of any branch of government (federal, state or local), nor any other
person, has made any promise or suggestion of any kind to me, or
within my knowledge to anyone else, that I would receive a lighter
sentence, or probation, or any other form of leniency, if I would
plead "Guilty". ~~I am prepared to accept any punishment permitted
by law which the Court may see fit to impose.~~ However, I
respectfully request that the Court consider in mitigation of
punishment at the time of sentencing the fact that by voluntarily
pleading "Guilty" I have saved the Government and the Court the
expense and inconvenience of a trial.  I understand that before it
imposes sentence, the Court will address me personally and ask
me if I wish to make a statement on my behalf and to present any
information in mitigation of punishment.

**F.**    I am fully satisfied with my attorney's representation during all
phases of this case.  My attorney has done all that anyone could do

to counsel and assist me and that I fully understand the
proceedings in this case against me.

**G.**     I make no claim of innocence, and I am freely and voluntarily
pleading guilty in this case.

**H.**     I am pleading guilty as set forth in this Plea Agreement because I
am guilty of the crimes to which I am entering my plea.

**I.**     I understand that if convicted, a Defendant who is not a United
States Citizen may be removed from the United States, denied
citizenship, and denied admission to the United States in the
future.

**J.**     My attorney has informed me, and I understand, that I have the
right to appeal any conviction and sentence that I receive, unless I
have waived my right to appeal as part of this Plea Agreement.  If I
have not waived my right to appeal, I understand that I must file a
Notice of Appeal within fourteen (14) days of the entry of the
judgment in this case; I further understand that the Clerk of the
Court will prepare and file a Notice of Appeal on my behalf if I ask
that to be done.  I also understand that the United States has the
right to appeal any sentence that I receive under this Plea
Agreement.

**K.**     My attorney has informed me, and I understand, that if I provide or
cause to be provided materially false information to a judge,
magistrate-judge, or probation office, then Section 3C1.1 of the

Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.**   No trial date of this case has been scheduled.  However, I request that any such date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 13:  Certificate of Counsel

**65.**   By signing this document, the Defendant's attorney and counselor certify as follows:

**A.**   I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

**B.**   To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.**   The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with our advice to the Defendant;

**D.**   In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.**   In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## **Final Provision**

**66.    Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and the Criminal Division of the United States Department of Justice, and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

2-24-17
DATE

Steven D. DeBrota
Senior Litigation Counsel

2-24-17
DATE

Joe H. Vaughn
First Assistant United States Attorney

2-24-17
DATE

Bonnie Kane
Deputy Chief, CEOS

2/23/17
DATE

Sean Donnelly
Defendant

2/23/17
DATE

Gwendolyn M. Beitz
Counsel for Defendant